**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | **EP-21-CR-1265-DB** |
| | § | |
| MIRIAM GUERRERO-MENDOZA | § | |

## MEMORANDUM OPINION AND ORDER

On March 8, 2022, Defendant Miriam Guerrero-Mendoza filed a "Motion to
Dismiss" ("Motion") requesting the dismissal of an indictment for violation of 8 U.S.C. §
1326(a) ("§ 1326"), which criminalizes re-entry after a previous removal. ECF No. 41;
Indictment, ECF No. 17. Ms. Mendoza argues that the removal on which her indictment is
predicated, effectuated in 2002 through an expedited removal process, was "fundamentally
unfair." *Id.* at 3. The Government has filed a Response indicating its opposition. ECF No. 46.
For the reasons stated below, the Court will deny the Motion.

## BACKGROUND

Ms. Guerrero was apprehended by United States Border patrol on June 29, 2021
in El Paso, Texas. Motion 1, ECF No. 41. She was subsequently indicted for violating § 1326,
the criminal reentry statute. Indictment, ECF No. 17.

For an individual to be convicted of criminal reentry, she must, of course, have
been previously removed from the United States. *See* 8 U.S.C. § 1326(a)(1). Ms. Guerrero's
prior removal occurred in 2002. Mot. 1, ECF No. 41; Resp. 1, ECF No. 46. Ms. Guerrero
claimed to be a United States citizen but after questioning provided a sworn statement in which
she admitted to being a citizen of Mexico without lawful status in the United States. Resp. 1,

ECF No. 46.  She was then removed from the United States through the process of expedited removal.  *Id.*; Mot. 1, ECF No. 41; 8 CFR § 235.3(b); *see also* Notice and Order of Expedited Removal, ECF No. 52-2.

Ms. Guerrero, facing criminal charges for criminal reentry after her 2021 apprehension, now moves for dismissal of her indictment on the grounds that the 2002 removal was a denial of her due process rights.  Mot. 2–3, ECF No. 41.  The Government argues that such challenge is precluded by Fifth Circuit law and by § 1326 itself, which limits the circumstances in which a person subject to prosecution under § 1326 may collaterally attack a previous order of removal.  Resp. 1, ECF No. 46.

## LEGAL STANDARD

An alien prosecuted for illegal reentry in violation of § 1326 may, in some circumstances, challenge the lawfulness of a prior removal order.  *United States v. Mendoza-Lopez*, 481 U.S. 828, 837–838 (1987).  The statute itself provides that an alien may not mount such a "collateral attack" on the prior removal order unless

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).  The alien must also establish that a defect in the immigration proceeding caused "actual prejudice," or "a reasonable likelihood that but for the errors complained of the defendant would not have been deported."  *United States v. Benitez-Villafuerte*, 186 F.3d 651, 658, 658–659 (5th Cir. 1999).

2

## DISCUSSION

Ms. Guerrero was born in Mexico and is a citizen of that country. Mot. 1, ECF No. 41; Resp. 2, ECF No. 46. However, she argues that that at the time of her removal in 2002, she "had a plausible claim of being a United States [c]itizen" and therefore "should have been allowed to go in front of an Immigration Judge." Mot. 4, ECF No. 41. Because she was not allowed to do so, she argues, her removal was "fundamentally unfair" and thus the procedure leading to her removal deprived her of her due process rights. *Id.* at 3, 5.

The Government in its Response argues that Ms. Guerrero has not met the "gateway requirements" for mounting a collateral challenge to her Order of Removal. Resp. 3, ECF No. 46. She "did not seek relief from the invalid removal order through the administrative process," *id.* at 3, "was not deprived of an opportunity for judicial review," *id.* at 4, and "cannot establish that the entry of the order of removal was 'fundamentally unfair,'" *id.*

### A. Ms. Guerrero Has Not Failed to Exhaust Her Administrative Remedies.

To challenge a removal order, a defendant generally must "exhaust[] any administrative remedies that may have been available to seek relief against the order." 8 U.S.C. § 1326(d)(1).

Ms. Guerrero states that she "did not have any administrative remedies available to her . . . ." Mot. 3, ECF No. 41. Though the Motion contains no citation for that proposition, Ms. Guerrero is nonetheless correct. The Fifth Circuit, observing that "aliens subject to expedited removal do not appear before an IJ, nor can they appeal an adverse decision to the BIA," stated that "[t]he relevant statutes and corresponding regulations therefore [do] not provide [a defendant] with an avenue to challenge the legal conclusion that he does not meet the definition of an alien subject to expedited removal." *Valdiviez-Hernandez v. Holder*, 739 F.3d

184, 187 (5th Cir. 2013). Thus, a defendant subject to expedited removal who collaterally

attacks a deportation in a district court "[does] not fail to exhaust [her] administrative remedies."

*Id.*

    The Fifth Circuit's *Cordova-Soto* opinion, cited by the Government, does not

change this conclusion. Resp. 4, ECF No. 46 (citing *United States v. Cordova-Soto*, 804 F.3d

714, 724 (5th Cir. 2015)). While the Court did conclude that the defendant in that particular case

had failed to exhaust his administrative remedies, it did so only after reaffirming *Valdiviez-*

*Hernandez* and noting the legally significant differences between the facts of that case and the

one immediately before it. *Id.* Most notably, the defendant in *Cordova-Soto*, unlike the

defendant in *Valdiviez-Hernandez* and unlike Ms. Guerrero, "received notice of the charges,"

"was informed that she had the right to be represented by an attorney," "was . . . told that she

could contest the charges in a hearing," and only "[a]fter being informed of those rights . . .

signed the stipulation waiving them." *Cordova-Soto*, 804 F.3d at 721. The record contains no

indication that Ms. Guerrero received any such information or opportunities or that she made any

such waiver of her rights.

    Ms. Guerrero has thus fulfilled the first requirement for collateral attack.

### B. Ms. Guerrero Was Deprived of an Opportunity for Judicial Review.

    The second "gateway requirement" for mounting a collateral challenge is that the

defendant must show that "the deportation proceedings at which the order was issued improperly

deprived the alien of the opportunity for judicial review." 8 U.S.C. 1326(d)(2).

    Ms. Guerrero states that she "did not have any avenues for [j]udicial [r]eview."

Mot. 3, ECF No. 41. Neither she nor the Government identify any case law elucidating the

precise meaning of this requirement. *See id.*; Resp. 4, ECF No. 46. The Government suggests

that defendant was not deprived of an opportunity for judicial review merely because the immigration officer who ordered removal followed the statutory guidelines for expedited removal. Resp. 4, ECF No. 46 (citing 8 U.S.C. §§ 1225(b)(1)(A)(i) and 1182(a)(6). The Government does not address the issue of whether those procedures themselves deprive Ms. Guerrero "the opportunity for judicial review." *See id.*

In *Valdiviez*, the Fifth Circuit observed that the expedited removal process "[does] not provide [the defendant] . . . an avenue to challenge the [finding] that [she] meets the definition of an alien subject to expedited removal." *Valdiviez-Hernandez*, 739 F.3d at 187 . It concluded that a defendant could not be faulted for failure to exhaust non-existent administrative remedies. Following similar logic, the Court believes that a defendant cannot be faulted for failure to seize non-existent opportunities for judicial review. At least one circuit court has concluded that it does not, finding that "the statute governing expedited removal proceedings afforded [the defendant] no opportunity for administrative or judicial review" and thus that the defendant "was deprived of the opportunity for judicial review." *United States v. Raya-Vaca*, 771 F.3d 1195, 1202 (9th Cir. 2014), *abrogated on other grounds by Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959 (2020).

This Court finds that Ms. Guerrero has fulfilled the second requirement.

### 3. Ms. Guerrero Cannot Show That Her Removal Was Marked by "Fundamental Unfairness."

Ms. Guerrero must also show that "the entry of the [removal] order was fundamentally unfair." 8 U.S.C. § 1326(d)(3). Both sides agree that "[f]undamental fairness is a question of procedure." Mot. 4, ECF No. 41 (citing *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002)); Resp. 5, ECF No. 46 (citing *United States v. Lopez-Vasquez*, 227 F.3d 476, 485 (5th Cir. 2000)).

The Government suggests that Ms. Guerrero's situation is governed by the Fifth Circuit's decision in *Lopez-Vasquez*, which affirmed a decision of this Court.  Resp. 5, ECF No. 46 (citing *Lopez-Vasquez*, 227 F.3d at 485).  This Court agrees with the Government.  In *Lopez-Vasquez*, the defendant was placed in expedited removal proceedings "for attempting to enter the United States by falsely declaring himself to be a United States citizen." *Lopez-Vasquez*, 227 F.3d at 485.  The Fifth Circuit noted that "[f]ederal regulations exist that set forth explicitly the procedures for the expedited removal of inadmissible aliens." *Id.*; *see also* 8 CFR § 235.3(b).  It then concluded that because the defendant "does not contend that these procedures were not followed," he "was not denied procedural due process and that his removal was not fundamentally unfair." *Id.*  The same reasoning applies to Ms. Guerrero, who similarly does not allege that the procedures for expedited removal were not followed.

Nothing about the particular facts of this case alters the conclusion that there was nothing fundamentally unfair about Ms. Guerrero's removal.  Ms. Guerrero attempted to enter by claiming to be a United States citizen.  Resp. 1, ECF No. 46; *see also* Record of Sworn Statement, ECF No. 52-1.  Before being questioned further, Ms. Guerrero was given notice of the charge against her and the potential consequences of her answers.  Record of Sworn Statement 1, ECF No. 52-1.  She stated that she was not a citizen of the United States and was a citizen of Mexico, and she made no claim to being a citizen of the United States.  *Id.* at 2.  She did not claim any fear or concern about being returned to Mexico.  *Id.* at 4.  There is no indication that Ms. Guerrero did not answer questions or affirm her statement honestly and voluntarily.  *Id.*  Any impartial immigration officer assessing her answers would have concluded she was eligible for the expedited removal process laid out in federal regulations.  *See* 8 CFR § 235.3(b).

Thus the Court concludes that Ms. Guerrero's removal in 2002 was not "fundamentally unfair" as required by §1326(d)(3). Although this conclusion is in itself enough to bar Ms. Guerrero from collaterally challenging her 2002 removal, the Court will discuss "prejudice" as an independent ground for barring such challenge.

### 4. Ms. Guerrero Cannot Show "A Reasonable Likelihood That But For The Errors Complained Of The Defendant Would Not Have Been Deported."

The Government asserts that "in addition to" the requirements of 1326, Ms. Guerrero must show "actual prejudice." Resp. 2–3, 5, ECF No. 46. Ms. Guerrero disputes that she must do so, and she further argues that she can nonetheless make such a showing. Mot. 3, 3 n.1, ECF No. 41. The Court finds that she must and that she cannot.

### a. Fifth Circuit case law requires that an alien show "actual prejudice."

The Government states that an alien must establish that a defect in the immigration proceeding caused "actual prejudice," or "a reasonable likelihood that but for the errors complained of the defendant would not have been deported." Resp. 3, ECF No. 46 (citing *Benitez-Villafuerte*, 186 F.3d at 658–659). This Court ultimately agrees with the Government, while noting that the status of this "actual prejudice" requirement is not quite as clear as the Government suggests.

The Supreme Court's decision in *Mendoza-Lopez* established that an alien subjected to criminal prosecution could collaterally attack an underlying order of removal. *Mendoza-Lopez*, 481 U.S. at 837–838. The Fifth Circuit, interpreting that case, created "three distinct but related requirements" for an alien attempting to collaterally attack a removal order. She must establish "(1) the prior hearing was 'fundamentally unfair'; (2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the order; and (3) the procedural deficiencies caused the alien actual prejudice." *Lopez-Vasquez*, 227 F.3d

at 483. The Court noted that "[t]he majority of our sister circuits agree with our interpretation of [*Mendoza-Lopez*]" and stated that "Congress effectively codified this reading of *Mendoza–Lopez* in 8 U.S.C. § 1326(d)." *Id.* at 483 n. 13; *see also Lopez-Ortiz*, 313 F.3d at 229 (noting that the Fifth Circuit's interpretation "effectively was codified").

Given the clear differences between the three-part test formulated by the Fifth Circuit and the three-part test formulated in the statute, the relationship between the two is not entirely clear. Nor is it clear how exactly how "distinct" and how "related" the requirements are—whether, for instance, the question of prejudice inquiry overlaps with the fairness inquiry, as it does in some circuits. *See, e.g., United States v. Gonzalez-Fierro*, 949 F.3d 512, 521 (10th Cir. 2020) ("To establish that his prior removal was fundamentally unfair, [the defendant] had to show both that there was a procedural error during his expedited removal proceeding and that that procedural error prejudiced him.") Nonetheless, it is fairly (if not absolutely) clear that, while the text of 1326(d) does not specifically enumerate a requirement of "actual prejudice," it's codification did not eliminate such requirement. The Court will therefore examine whether Ms. Guerrero is able to show "actual prejudice," and it will do so separately from its examination of whether the procedure was "fundamentally unfair."

### b. Ms. Guerrero cannot show the existence of any actual prejudice.

To show prejudice, an individual must show "a reasonable likelihood that but for the errors complained of the defendant would not have been deported." *Benitez-Villafuerte*, 186 F.3d at 658–59. Ms. Guerrero cites a case from the Ninth Circuit stating that a defendant "does not have to show that he actually would have been granted relief" but "must only show that [s]he had a 'plausible' ground for relief from deportation." Mot. 4; *United States v. Ubaldo-Figueroa*,

364 F.3d 1042 (9th Cir. 2004). But even under this standard, which is not binding on a court in the Fifth Circuit, Defendant cannot show prejudice.

Ms. Guerrero argues that she "had a plausible claim of being a United States citizen and should have been allowed to go in front of an Immigration Judge to see if she was entitled to any [i]immigration [r]elief." Mot. 4–5, ECF No. 41. Unfortunately for Ms. Guerrero, it is not in fact "plausible" that in 2002 she would have been entitled to relief from deportation on the grounds that she was a United States citizen. As stated above, Ms. Guerrero did not at the time even claim to be a United States citizen. *See supra* 6. Ms. Guerrero's claim is based on the possibility that the United States citizen who married Ms. Guerrero's mother was Ms. Guerrero's biological father in spite of his own belief that he was not. Mot. 2, ECF No. 41. The possibility that Ms. Guerrero could have marshalled evidence convincing enough to prove her citizenship on such basis and thus relieve her from removal is simply too remote to qualify as "plausible" for the purposes of showing the required prejudice. *Ubaldo-Figueroa*, 364 F.3d 1042. There is therefore no "reasonable likelihood that but for the errors complained of the defendant would not have been deported." *Benitez-Villafuerte*, 186 F.3d at 658–59.

Ms. Guerrero's inability to show actual prejudice thus provides an independent and alternative ground for denying her the opportunity to collaterally challenge her 2002 removal.

## CONCLUSION

Ms. Guerrero has moved to dismiss her Indictment for violating § 1326(a) on the grounds that her previous removal, an essential element of the criminal charge, was improperly ordered. However, Ms. Guerrero is barred from challenging the legitimacy of the previous removal by § 1326(d). While Ms. Guerrero has not failed to exhaust her remedies and was

9

364 F.3d 1042 (9th Cir. 2004). But even under this standard, which is not binding on a court in the Fifth Circuit, Ms. Guerrero cannot show prejudice.

Ms. Guerrero argues that she "had a plausible claim of being a United States citizen and should have been allowed to go in front of an Immigration Judge to see if she was entitled to any [i]immigration [r]elief." Mot. 4–5, ECF No. 41. Unfortunately for Ms. Guerrero, it is not in fact "plausible" that in 2002 she would have been entitled to relief from deportation on the grounds that she was a United States citizen. As stated above, Ms. Guerrero did not at the time even claim to be a United States citizen. *See supra* 6. Ms. Guerrero's claim is based on the possibility that the United States citizen who married Ms. Guerrero's mother was Ms. Guerrero's biological father in spite of his own belief that he was not. Mot. 2, ECF No. 41. The possibility that Ms. Guerrero could have marshalled evidence convincing enough to prove her citizenship on such basis and thus relieve her from removal is simply too remote to qualify as "plausible" for the purposes of showing the required prejudice. *Ubaldo-Figueroa*, 364 F.3d 1042. There is therefore no "reasonable likelihood that but for the errors complained of the defendant would not have been deported." *Benitez-Villafuerte*, 186 F.3d at 658–59.

Ms. Guerrero's inability to show actual prejudice thus provides an independent and alternative ground for denying her the opportunity to collaterally challenge her 2002 removal.

## CONCLUSION

Ms. Guerrero has moved to dismiss her Indictment for violating § 1326(a) on the grounds that her previous removal, an essential element of the criminal charge, was improperly ordered. However, Ms. Guerrero is barred from challenging the legitimacy of the previous removal by § 1326(d). While Ms. Guerrero has not failed to exhaust her remedies and was

9

deprived of an opportunity for judicial review, she cannot show that the procedure leading to the removal was "fundamentally unfair."  Further, she cannot show that she was prejudiced by any asserted shortcoming in that procedure.  Because she is barred from collaterally challenging the removal, the Court will not dismiss the indictment against her and will deny the Motion.

Accordingly, **IT IS HEREBY ORDERED** that the Miriam Guerrero-Mendoza's "Motion to Dismiss," ECF No. 41, is **DENIED**.

SIGNED this _14_ th day of **March 2022**.

_____
**DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**